| UNITED STATES DISTRICT COURT | EASTERN DISTRICT OF TEXAS |
|---|---|

| | |
|---|---|
| JOSEPH HEBERT, § | |
| § | |
| Plaintiff, § | |
| § | |
| *versus* § | CIVIL ACTION NO. 1:09-CV-532 |
| § | |
| STATE FARM LLOYDS, INC. and § | |
| RICHARD TENER, § | |
| § | |
| Defendants. § | |

**MEMORANDUM AND ORDER**

Pending before the court is Plaintiff Joseph Hebert's ("Hebert") Motion to Remand (#7). Hebert seeks remand to state court of his action against Defendants State Farm Lloyds, Inc. ("Lloyds, Inc."), and Richard Tener ("Tener") (collectively, "Defendants"), on the grounds that Lloyds, Inc., is a properly joined defendant and its presence in the lawsuit, as a Texas citizen, defeats diversity jurisdiction pursuant to 28 U.S.C. § 1441(b). Having reviewed the pending motion, the submissions of the parties, the pleadings, and the applicable law, the court is of the opinion that remand is warranted.

I. Background

On March 31, 2009, Hebert filed his original petition in the 163rd Judicial District Court of Orange County, Texas, asserting claims against Tener for negligence, assault, and battery, and against Lloyds, Inc., for negligent hiring, negligent supervision, and vicarious liability under the theory of respondeat superior. Hebert alleges that following Hurricane Ike, he made a claim for benefits under his insurance policy with Lloyds, Inc., and on or about October 11, 2008, Lloyds, Inc., sent an adjuster, Tener, to inspect and evaluate the damage to his property and belongings.

Hebert contends that "although it was [Tener's] job and duty to properly and fully inspect, [he] was uninterested and failed to observe or note several items." When Hebert pointed out damage to a ceiling, Tener allegedly became angry, started to curse, and "then attacked, struck, and assaulted Mr. Hebert causing him to reel backwards and fall." Hebert denies any provocation on his part. Accordingly, Hebert seeks compensatory damages for reasonable and necessary medical and other health care related expenses, loss or impairment of earnings and earning capacity, past and future physical pain, mental anguish, past and future physical disfigurement, past and future physical impairment, and punitive damages.

On July 6, 2009, Lloyds, Inc., filed its answer in state court, asserting that it is not a proper party to this action. Subsequently, on July 10, 2009, Lloyds, Inc., filed its First Amended Original Answer and State Farm Lloyds filed its Original Answer, alleging that it is the proper defendant in the instant action. On the same day, State Farm Lloyds removed the case to federal court on the basis of diversity of citizenship, alleging that complete diversity exists among the real parties in interest and that the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

It is undisputed that Hebert is a citizen and resident of the State of Texas and Tener is a citizen and resident of the State of Florida. Lloyds, Inc., is a citizen of Texas; however, it asserts that it should be dismissed as a party to this action because Hebert mistakenly alleges that his insurance policy was issued by Lloyds, Inc., when, in fact, it was issued by State Farm Lloyds.[1]

---

[1] It is important to note that State Farm Lloyds and Lloyds, Inc., are distinct entities. "Texas Lloyd's plans such as State Farm Lloyds are singular entities created by Texas law." *Cronin v. State Farm Lloyds*, No. H-08-1983, 2008 WL 4649653, at *5 (S.D. Tex. Oct. 10, 2008). State Farm sells insurance under a "Lloyd's plan," through which a group of underwriters combine to issue insurance through an attorney-in-fact, in this case, Lloyds, Inc. *Martinez v. State Farm Lloyds*, 204 F. App'x 435, 436 (5th Cir. 2006) (citing TEX. INS. CODE ANN. § 941.001); *see Castillo v. State Farm Lloyds*, 210 F. App'x 390, 393

On August 5, 2009, Hebert filed the instant motion to remand, contending that Lloyds, Inc., was properly joined, and, therefore, because complete diversity does not exist among the parties, federal jurisdiction is lacking.

II.     Analysis

"'Federal courts are courts of limited jurisdiction.'" *Rasul v. Bush*, 542 U.S. 466, 489 (2004) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)); *accord Johnson v. United States*, 460 F.3d 616, 621 n.6 (5th Cir. 2006); *McKee v. Kansas City S. Ry. Co.*, 358 F.3d 329, 337 (5th Cir. 2004); *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir.), *cert. denied*, 534 U.S. 993 (2001). "'They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree.'" *Rasul*, 542 U.S. at 489 (quoting *Kokkonen*, 511 U.S. at 377 (citations omitted)). The court "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery*, 243 F.3d at 916 (citing *Kokkonen*, 511 U.S. at 377); *see also Boone v. Citigroup, Inc.*, 416 F.3d 382, 388 (5th Cir. 2005). In an action that has been removed to federal court, a district court is required to remand the case to state court if, at any time before final judgment, it determines that it lacks subject matter jurisdiction. *See* 28 U.S.C. § 1447(c); *Grupo Dataflux v. Atlas Global Group, L.P.*, 541 U.S. 567, 571 (2004); *McDonal v. Abbott Labs.*, 408 F.3d 177, 182 (5th Cir. 2005).

---

(5th Cir. 2006); *Trevino v. State Farm Lloyds*, 207 F. App'x 422, 424 (5th Cir. 2006); *Mata v. State Farm Lloyds*, 206 F. App'x 403, 404 (5th Cir. 2006); *Santos v. State Farm Lloyds, Inc.*, No. SA-06-CA-650, 2006 WL 3779798, at *3 (W.D. Tex. Nov. 3, 2006). "'[T]he attorney in fact acts as an agent for the Lloyd's group.'" *Castillo*, 210 F. App'x at 393 (quoting *Royal Ins. Co. of Am. v. Quinn-L Capital Corp.*, 3 F.3d 877, 882 (5th Cir. 1993)). An attorney-in-fact is authorized by the underwriters to execute insurance policies, but does not bear risks and has no contractual relationship with the insured. *Martinez*, 204 F. App'x at 436; *see Salazar v. Allstate Texas Lloyd's, Inc.*, 455 F.3d 571, 572 n.1 (5th Cir. 2006). "[A] Texas Lloyd's plan such as State Farm Lloyds possesses a legal identity separate and distinct from its underwriters." *Cronin*, 2008 WL 4649653, at *5.

When considering a motion to remand, "[t]he removing party bears the burden of showing that federal jurisdiction exists and that removal was proper." *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002); *accord DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n.3 (2006); *Gutierrez v. Flores*, 543 F.3d 248, 251 (5th Cir. 2008); *In re Hot-Hed Inc.*, 477 F.3d 320, 323 (5th Cir. 2007); *Guillory v. PPG Indus., Inc.*, 434 F.3d 303, 308 (5th Cir. 2005); *Boone*, 416 F.3d at 388; *Garcia v. Koch Oil Co. of Tex. Inc.*, 351 F.3d 636, 638 (5th Cir. 2003); *Howery*, 243 F.3d at 919. "This extends not only to demonstrating a jurisdictional basis for removal, but also necessary compliance with the requirements of the removal statute." *Albonetti v. GAF Corp. Chem. Group*, 520 F. Supp. 825, 827 (S.D. Tex. 1981); *accord Crossroads of Tex., L.L.C. v. Great-West Life & Annuity Ins. Co.*, 467 F. Supp. 2d 705, 708 (S.D. Tex. 2006); *Smith v. Baker Hughes Int'l Branches, Inc.*, 131 F. Supp. 2d 920, 921 (S.D. Tex. 2001). "Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) (citing 28 U.S.C. § 1441(a)); *see Aetna Health Inc. v. Davila*, 542 U.S. 200, 207 (2004). "The removal statute ties the propriety of removal to the original jurisdiction of the federal district courts." *Frank v. Bear Stearns & Co.*, 128 F.3d 919, 922 (5th Cir. 1997); *see* 28 U.S.C. § 1441(a). Because removal raises significant federalism concerns, the removal statutes are strictly and narrowly construed, with any doubt resolved against removal and in favor of remand. *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941); *Gutierrez*, 543 F.3d at 251; *Gasch v. Hartford Accident & Indem. Co.*, 491 F.3d 278, 281-82 (5th Cir. 2007); *In re Hot-Hed Inc.*, 477 F.3d at 323; *Bosky v. Kroger Tex., LP*, 288 F.3d 208, 211 (5th Cir. 2002); *Beiser v. Weyler*, 284 F.3d 665, 674 (5th Cir. 2002); *Manguno*, 276 F.3d at 723.

Although Hebert argues that this action must be remanded because diversity jurisdiction is lacking, the court observes a more fundamental defect in the proceedings that deprives it of subject matter jurisdiction—the removal of this case by a non-party. In his petition, Hebert alleges claims of negligent hiring, negligent supervision, and respondeat superior against Lloyds, Inc. Hebert never joined State Farm Lloyds as a defendant in state court, and State Farm Lloyds never sought to intervene or to be substituted as the proper party in interest in state court. Nevertheless, State Farm Lloyds filed and served the notice of removal, asserting diversity jurisdiction under 28 U.S.C. § 1441.

The exercise of removal jurisdiction is governed by 28 U.S.C. § 1441(a), which provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Hence, only a defendant has the right to remove a case to federal court. *See Juliano v. Citigroup*, 626 F. Supp. 2d 317, 318 (E.D.N.Y. 2009) (citing *Mitskovski v. Buffalo & Fort Erie Pub. Bridge Auth.*, 435 F.3d 127, 132 n.4 (2d Cir. 2006)); *Donald E. Armstrong Family Trust v. Harr*, No. 3:02-CV-1335-K, 2003 WL 21250846, at *1 (N.D. Tex. May 23, 2003); *Ray v. State Farm Lloyds*, No. Civ. A. 3:98-CV-1288-G, 1999 WL 151667, at *3 (N.D. Tex. Mar. 10, 1999) (citing 28 U.S.C. § 1441(a); *Shamrock Oil & Gas Corp.*, 313 U.S. at 106-08); *J. Baxter Brinkman Oil & Gas Corp. v. Thomas*, 682 F. Supp. 898, 901 (N.D. Tex. 1988). A non-party, even one that claims to be a real party in interest, has no authority to institute removal proceedings under 28 U.S.C. §§ 1441 and 1446(a). *See Housing Auth. of Atlanta v. Millwood*, 472 F.2d 268, 272 (5th Cir. 1973); *Juliano*, 626 F. Supp. 2d at 319; *American Home Assurance Co. v. RJR Nabisco Holdings Corp.*, 70 F. Supp. 2d 296, 298-99 (S.D.N.Y. 1999)

(citing *Geiger v. Arctco Enters., Inc.*, 910 F. Supp. 130, 131 (S.D.N.Y. 1996); *Adams v. Adminastar Def. Servs., Inc.*, 901 F. Supp. 78, 79 (D. Conn. 1995); *Conway v. Delgado*, No. 92-0905, 1992 WL 189428, *2 (D.D.C. July 12, 1992); *Kane v. Republica de Cuba*, 211 F. Supp. 855, 856-58 (D.P.R. 1962)).

As noted above, Hebert's factual allegations and causes of action focus upon the named-defendants, Lloyds, Inc., and Tener.[2] Hebert does not allege any specific acts of wrongdoing on the part of State Farm Lloyds. Nonetheless, State Farm Lloyds filed and served a notice of removal, claiming that "the cause of action asserted in Plaintiff's Original Petition should be against State Farm Lloyds, the entity that issued Plaintiff's policy and for whom Eberl's [sic] was acting in adjusting Plaintiff's claim." Despite State Farm Lloyds' contention that it is the proper defendant to this lawsuit, as a non-party, it "cannot remove the case because, under the removal statute, 28 U.S.C. § 1441, only a defendant can do so." *City of Cleveland v. Deutsche Bank Trust Co.*, 571 F. Supp. 2d 807, 821 (N.D. Ohio 2008) (citing *American Home Assurance Co.*, 70 F. Supp. 2d at 298-99); *see Adams v. Harris*, No. 4:07-CV-96, 2008 WL 682419, at *1 (S.D. Miss. Mar. 7, 2008). Thus, such removal is improper, and the court lacks subject matter jurisdiction of this action. *See Juliano*, 626 F. Supp. 2d at 319 (citing *Housing Auth. of Atlanta*, 472 F.2d at 272).

---

[2] Hebert makes clear in his motion for remand that he intentionally sued Lloyds, Inc., and not State Farm Lloyds, arguing that the court cannot ignore the Texas defendant and consider the alleged proper party when determining diversity. Furthermore, as evidenced by their Joint Conference Report, submitted on October 6, 2009, the parties continue to disagree over whether Hebert's home and property were insured by Lloyds, Inc., or State Farm Lloyds.

III. <u>Conclusion</u>

Based on the foregoing analysis, the court finds that this case was improvidently removed and, consequently, the court lacks subject matter jurisdiction over the controversy. Accordingly, Plaintiff's Motion to Remand is GRANTED. The case will be remanded to the 163rd Judicial District Court of Orange County, Texas.

SIGNED at Beaumont, Texas, this 14th day of October, 2009.

_____
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE